S. S. JOHNSON v. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY, Appellant.

NEW TRIAL: DISCRETION. Discretion of the court in granting a new trial will not be interfered with unless it is manifest that it has been improperly exercised.

*Appeal from Cedar Rapids Superior Court.*—HON. T. M. GIBERSON, Judge.

FRIDAY, MAY 31, 1895.

Action to recover six hundred dollars, as double damages for killing one horse and injuring another, because of certain alleged acts of negligence upon the part of the defendant. The case was tried to a jury, and a verdict returned in favor of the plaintiff for two hundred dollars. Plaintiff moved for a new trial upon the ground that the amount of damages allowed is too small. The motion was sustained, and a new trial granted, to which the defendant excepted, and from which defendant appeals.—*Affirmed.*

*Hubbard & Dawley* for appellant.

*Rickel & Crocker* for appellee.

Given, C. J.—The appellant's contention is that under the evidence the plaintiff was not entitled to any verdict; and, in support of this contention, counsel proceeds to discuss the evidence. It is a familiar rule that a motion for a new trial is addressed to the sound discretion of the court, and its exercise of that discretion will not be interfered with, unless it is manifest that it has been improperly exercised. See Digest, under head of "New Trials." We do not think there was any abuse of this discretion in sustaining plaintiff's motion for a new trial. As it follows from our conclusion that the case may be retried, we refrain from discussing the evidence, or expressing any other opinion with reference to it than that, under it, there was no abuse of discretion in granting the new trial.— *Affirmed.*